ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
California Bar No. 149883
Assistant United States Attorney
Chief, Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6166
    Facsimile:  (213) 894-7177
    E-mail: Steven.Welk@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CV 11-9402 GAF (Rzx) |
| ) | |
|         Plaintiff, ) | |
| ) | |
|         v. ) | |
| ) | |
| 80 drums, more or less, each ) | **DEFAULT JUDGMENT AND DECREE OF** |
| drum containing 25 to 27 kilo- ) | **CONDEMNATION, FORFEITURE, AND** |
| grams of an article of food, ) | **DESTRUCTION** |
| labeled in part: ) | |
| ) | |
| (drum) ) | |
| ) | |
| "\*\*\* Product: CISSUS QUADRANG- ) | |
| ULARIS EXTRACT 2.5% \*\*\* Batch ) | |
| No. AHCQ1103 \*\*\* Net Wt: 27.50 ) | |
| kgs \*\*\* Mfg date: May 2010 \*\*\*") | |
| ) | |
| and ) | |
| ) | |
| 2 drums, more or less, each ) | |
| drum containing 25 to 27 kilo- ) | |
| grams of an article of food, ) | |
| labeled in part: ) | |
| ) | |
| (drum) ) | |
| ) | |
| "\*\*\* CASSIA ANGUSTIFOLIA EXT. ) | |
| 20% \*\*\* B. No.: AVI/CA/01/10 ) | |
| \*\*\* Net weight: 25.0 kg \*\*\* ) | |
| Gross weight: 28.0kg \*\*\* AVI ) | |

1  BIOTECH 2, GEETA NAGAR, MAIN    )
   HARIDWAR ROAD RISHIKESH, U.K.   )
2  INDIA ***,"                     )
                                   )
3           Defendants.            )
                                   )
4  _____

5

6        On November 10, 2011, a Verified Complaint for Forfeiture
7  against the above-captioned articles ("Defendant Articles") was
8  lodged in this Court, and filed on November 18, 2011. The
9  Verified Complaint for Forfeiture alleges that the Defendant
10 Articles of food, within the meaning of the Food, Drug, and
11 Cosmetic Act, 21 U.S.C. § 321(ff), are adulterated while held for
12 sale after shipment of one or more of their ingredients in
13 interstate commerce, within the meaning of the Act, 21 U.S.C.
14 § 342(f)(1)(A), in that they are dietary supplements that contain
15 ephedrine alkaloids and, as such, they present a significant or
16 unreasonable risk of illness or injury under ordinary conditions
17 of use recommended or suggested in labeling, or if no conditions
18 of use are suggested or recommended in labeling, under ordinary
19 conditions of use.  Alternatively, the articles of food are
20 adulterated while held for sale after shipment of one or more
21 ingredients in interstate commerce, within the meaning of the
22 Act, 21 U.S.C. § 342(a)(2)(C)(i), in that they contain a food
23 additive that is unsafe within the meaning of 21 U.S.C. § 348.
24       Pursuant to a Warrant for Arrest issued by this Court, the
25 United States Marshal for this district seized the Defendant
26 Articles on December 6, 2011.
27       It appearing that process was duly issued in this action and
28 returned according to law; that public notice of the arrest and

1  seizure of the Defendant Articles was given according to law; and
2  that no person or entity has appeared to claim the Defendant
3  Articles within the time specified by the Warrant for Arrest and
4  Rule G(5)(a)(ii) of the Supplemental Rules for Admiralty or
5  Maritime Claims and Asset Forfeiture Actions, it is on motion of
6  the United States for a Default Judgment and Decree of
7  Condemnation, Forfeiture, and Destruction, hereby:
8      **ORDERED, ADJUDGED, AND DECREED,** pursuant to Rule 55(b)(2) of
9  the Federal Rules of Civil Procedure, that the default of all
10 persons and entities having any right, title, or interest in the
11 Defendant Articles under seizure, including Infiniti Marketing
12 Group, Inc., be and is hereby entered; and it is further
13     **ORDERED, ADJUDGED, AND DECREED,** that the Defendant Articles,
14 within the meaning of the Act, 21 U.S.C. § 321(ff), are
15 adulterated while held for sale after shipment of one or more of
16 their ingredients in interstate commerce, within the meaning of
17 the Act, 21 U.S.C. § 342(f)(1)(A), in that they are dietary
18 supplements that contain ephedrine alkaloids and, as such, they
19 present a significant or unreasonable risk of illness or injury
20 under ordinary conditions of use recommended or suggested in
21 labeling, or if no conditions of use are suggested or recommended
22 in labeling, under ordinary conditions of use.  Alternatively,
23 the articles of food are adulterated while held for sale after
24 shipment of one or more ingredients in interstate commerce,
25 within the meaning of the Act, 21 U.S.C. § 342(a)(2)(C)(i), in
26 that they contain a food additive that is unsafe within the
27 meaning of 21 U.S.C. § 348; and it is further
28     **ORDERED, ADJUDGED, AND DECREED**, pursuant to 21 U.S.C. § 334,

that the United States Marshal for this district shall forthwith destroy the forfeited and condemned Defendant Articles and make due return to this Court.  Destruction shall be in a manner that complies with the National Environmental Policy Act of 1969 and in the presence of a representative from the United States Food and Drug Administration.

DATED: August 20, 2012                        _____
                                              THE HONORABLE GARY A. FEESS
                                              UNITED STATES DISTRICT JUDGE

PRESENTED BY:

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


 /s/ Steven R. Welk
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

Attorneys for Plaintiff
United States of America

4